JOANOS, Judge.
Appellant asserts the trial judge erred in granting summary final judgment on the question whether United Insurance Company of America (“United”) was effectively released from its obligation on two life insurance policies. We hold the trial judge did not err and affirm the summary final judgment.
Appellant took out two insurance policies with United on the life of his father, Alvy Hamilton. Alvy died within two years of issuance of the policies and United took the position that the policies were void because of misrepresentations material to the risk concerning Alvy’s health.[1] The insurance company tendered to appellant and his wife two checks which represented the total amount of premiums paid on the two policies. On the back of each check was a release. After holding the checks long enough to check with the insurance company’s local office and with the office of the insurance commissioner as to the validity of the insurance company’s position, appellant’s wife, with his consent, signed the backs of the cheeks which contained the release language and cashed the checks. When appellant later attempted to sue to recover on the policies, United raised accord and satisfaction, waiver, and estoppel as affirmative defenses, and summary judgment was granted. Appellant now contends the releases were not supported by consideration because United was merely returning the money previously tendered to it as premium payments, which it had a legal duty to return. Appellant states that had United been able to prove fraud in non-summary proceedings it could have retained the premium payments, but absent proof of fraud, United had no option but to *347 return the premium payments,[2] and its potential liability for the policy proceeds is unaffected by a return of funds which it is under a legal duty to return.
We disagree that the releases were unsupported by consideration and thus could not affect United’s potential liability for the policy proceeds. By tendering the premium payments in return for the releases, United waived the opportunity to prove fraud and thus retain the premium payments in addition to denying any of the policy proceeds. This is sufficient consideration to support the releases, which the lower court properly determined barred appellant from seeking to obtain the policy proceeds.
Appellee succeeded in showing no genuine issues of material fact existed. The summary final judgment is AFFIRMED.
SHIVERS and WENTWORTH, JJ., concur.

. The policies by their terms would have been incontestible as to such misrepresentations after they were in force for two years from the date of issuance.

. See 43 Am.Jur.2d “Insurance” § 918 (1982).